UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| JUNIOR JUMPP,  Plaintiff, | : : : : | |
| v. | : : | CASE NO. 3:16-cv-683 (SRU) |
| TERRANOVA, et al.,  Defendants. | : : : | |

**INITIAL REVIEW ORDER**

Plaintiff Junior Jumpp, currently incarcerated at the Corrigan-Radgowski Correctional Center in Uncasville, Connecticut, filed this case *pro se* under 42 U.S.C. § 1983 alleging that the defendants violated his rights under the Eighth Amendment when defendant Terranova sexually assaulted him and the other defendants failed to take corrective action. Jumpp names as defendants the Correctional Officer [First name not stated] Terranova, Warden Antonio Santiago, Deputy Warden Jeffrey Zegarewski and Deputy Warden Robert Martin. The complaint was received by the Court on May 3, 2016. Jumpp's motion to proceed *in forma pauperis* was granted on May 9, 2016.

Under section 1915A of Title 28 of the United States Code, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*,

550 U.S. 544, 555–56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

I.    Allegations

The following facts are alleged in Jumpp's complaint: On April 7, 2016, defendant Terranova made sexual comments toward Jumpp. On April 23, 2016, Jumpp was confined in the restrictive housing unit. Correctional Officer Savoie moved him to a different cell because the toilet in his original cell was broken. During the following shift, defendant Terranova ordered Jumpp moved back to the cell with the broken toilet. A short time later, defendant Terranova delivered Jumpp's dinner tray and told Jumpp that he had spit into the food. Jumpp observed that had occurred and did not eat his meal.

Later that day, Jumpp attempted to hang himself with a bed sheet. Defendant Terranova called a code purple. While Jumpp was on the floor, defendant Terranova and another officer entered the cell. Defendant Terranova began to sexually assault Jumpp by slapping his buttocks and grabbing his penis. The assault stopped only when a lieutenant responded to the code. Jumpp was taken to the medical unit and placed on suicide watch. That evening, defendant Terranova threatened to kill Jumpp if he reported the sexual assault and threatened further sexual abuse if Jumpp returned to the restrictive housing unit.

On April 25, 2016, defendants Santiago, Zegarewski, and Martin toured the medical unit. Jumpp told them about defendant Terranova's sexual misconduct. They refused to investigate his claim or permit him to call the Prison Rape Elimination Act ("PREA") hotline. Three days later, Warden Santaigo transferred Jumpp to a cell with an un-sentenced inmate, which Jumpp alleges is a violation of policy. Jumpp believes that the warden acted in retaliation for his attempts to report the sexual assault.

II.     Analysis

Jumpp alleges that defendant Terranova sexually abused and sexually assaulted him. To state an Eighth Amendment claim, a prisoner must show that the alleged conduct is objectively, sufficiently serious and that the defendant acted with a sufficiently culpable state of mind, that is, that he acted maliciously and sadistically to cause harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In *Boddie v. Schneider*, 105 F.3d 857 (2d Cir. 1997), the Second Circuit acknowledged that, under some circumstances, sexual abuse of a prisoner by a correctional office may violate the prisoner's Eighth Amendment right to be free from cruel and unusual punishment. *Id.* at 860–61.

> Sexual abuse may violate contemporary standards of decency and can cause severe physical and psychological harm. For this reason, there can be no doubt that severe or repetitive sexual abuse of an inmate by a prison official can be "objectively, sufficiently serious" enough to constitute an Eighth Amendment violation. Moreover, like the rape of an inmate by another inmate, sexual abuse of a prisoner by a corrections officer has no legitimate penological purpose, and is "simply not part of the penalty that criminal offenders pay for their offenses against society."

*Id.* at 861 (citations omitted). The Second Circuit recently clarified the holding in *Boddie*. "A corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's desire or

3

to humiliate the inmate, violates the Eighth Amendment['s]" prohibition against cruel and unusual punishment. *Crawford v. Cuomo*, 796 F.3d 252, 257 (2d Cir. 2015).

Jumpp alleges one incident where defendant Terranova improperly touched his private areas. Although this was an isolated incident, there are no facts suggesting any penological purpose for the touching. Rather the alleged repeated comments and threats suggest that the intent was gratification or humiliation. Thus, under *Crawford*, the complaint alleges sufficient facts to proceed at this time.

Jumpp alleges that he informed defendants Santiago, Zegarewski and Martin but that they refused to investigate his claim or permit him to report the alleged assault on the PREA hotline. That allegation is sufficient to state a plausible claim for supervisory liability based on the failure to take corrective action after learning of a constitutional violation. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) (supervisory liability claim may be premised on, *inter alia*, failure to act in response to information that unconstitutional acts were occurring).

Jumpp also alleges that defendant Santiago retaliated against him for seeking to report the sexual abuse by assigning him to a cell with an un-sentenced inmate. To state a claim for retaliation, Jumpp must allege facts showing that he was engaged in constitutionally protected activity, the defendant took adverse action against him, and a causal connection between the protected activity and the adverse action. *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003). Temporal proximity between the protected activity and the adverse action can support a causal connection between the protected activity and the allegedly retaliatory conduct. *Espinal v. Goord*, 558 F.3d 119, 129 (2d Cir. 2009) ("A plaintiff can establish a causal connection that suggests retaliation by showing that the protected activity was close in time to the adverse

action"). The transfer about which Jumpp complains allegedly took place only three days after his initial complaint. Temporal proximity alone, however, is insufficient to state a plausible retaliation claim. *See Faulk v. Fisher*, 545 F. App'x 56, 58–59 (2d Cir. 2013) ("[W]e have consistently required some … evidence of retaliatory animus [greater than temporal proximity alone] before permitting a prisoner to proceed to trial on a retaliation claim"); *Salahuddin v. Mead*, No. 95 Civ. 8581(MBM), 2002 WL 1968329, at *6 (S.D.N.Y. Aug. 26, 2002) (dismissing retaliation claim based on temporal proximity and "wholly conclusory" allegation). In support of his retaliation claim, Jumpp also suggests that the transfer was made in order to subject him to assault by the un-sentenced inmate. Because Jumpp has provided no evidence of retaliatory animus beyond his own speculation, however, the retaliation claim is dismissed.

Further, to the extent that Jumpp is attempting to assert a separate claim that Warden Santiago violated his constitutional rights by housing him with an un-sentenced inmate, his claim fails. The Second Circuit has held that sentenced inmates have no constitutional right to avoid being housed with un-sentenced inmates. *See Edwards v. Erfe*, 558 F. App'x 79, 81 (2d Cir. 2015) (noting that while un-sentenced inmates have a constitutional right not to be punished by being housed with sentenced inmates, the reverse is not true unless the inmate can allege facts demonstrating that such an assignment constitutes cruel and unusual punishment). Jumpp suggests that Warden Santiago made the cell assignment in order to have an un-sentenced inmate assault him. Jumpp provides no factual support for his supposition. Thus, there is no factual basis for any claim that this transfer constitutes cruel and unusual punishment.

III.   Conclusion

The retaliation claim and any claim based on Jumpp's confinement with an unsentenced

inmate are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). The complaint will proceed on the claims against defendant Terranova for sexual abuse and against defendants Santiago, Zegarewski and Martin for supervisory liability. Because Jumpp seeks only damages, the claims will proceed against the defendants in their individual capacities only.

The Court enters the following orders:

(1)     **The Clerk shall** verify the current work addresses of the defendants with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet to each defendant at the confirmed address within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver request on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2)     **The Clerk shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(3)     **The Clerk shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4)     The defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(5) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(6) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(7) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8) If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

**SO ORDERED** this 16th day of May 2016 at Bridgeport, Connecticut.

       Stefan R. Underhill
       Stefan R. Underhill
       United States District Judge